# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:12-CV-704-FDW-DSC

| | |
|---|---|
| JASON K. PURSER, et. al., | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| TITIA LONG-NICKENS, et. al., | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM AND RECOMMENDATION
## AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' "Motion to Remand" (document #4) and "Memorandum in Support ..." (document #5), both filed November 12, 2012. The pro se Defendants have not filed a response and the time for filing a responsive brief has expired.

Accepting the allegations of the Complaint as true, Plaintiffs Jason Purser, Jeffrey Bunda, and Grady Ingle are employed by the law firm of Shapiro and Ingle, LLP ("S&I"). S&I received a referral to foreclose on Defendant Titia Long-Nickens' property located at 1101 South Wendover Road in Charlotte, North Carolina (the "Collateral"). Co-Defendant Tornello Pierce assisted Long-Nickens in the defense of the foreclosure, and sent bizarre correspondence to S&I identifying Long-Nickens as being the same as, or associated with, purported entities known as TLN International Express Trust or TLN Express Trust.

After completion of the foreclosure proceedings and just before Long-Nickens was to be evicted, she and Pierce filed UCC Financing Statements with the Mecklenburg County Register of Deeds naming Plaintiffs as debtors and purporting to encumber their properties.

On October 12, 2012, Plaintiffs filed this action in Mecklenburg County Superior Court

seeking to clear title to their properties. On the October 17 and 18, 2012, Plaintiffs served Defendants with process by certified mail.

On October 24, 2012, Pierce removed the action to United States District Court. Pierce alleges the existence of diversity subject matter jurisdiction based upon his assertion that he is a foreign citizen of the Moorish Nation. The Moorish Nation is well known as "a notorious organization . . . [that] attempt[s] to benefit from the protections of federal and state law while simultaneously proclaiming . . . independence from and total lack of responsibility under those laws." Wright v. Brooms, 2012 U.S. Dist. LEXIS 74586 at *4-*5 (W.D.N.C. May 30, 2012) (citing El-Bey v. United States, 2009 WL 1019999 **1 (M.D.N.C. 2009)). To date, Long-Nickens has not joined in the removal.

The existence of subject matter jurisdiction is a threshold issue. Any removed case lacking a proper basis for subject matter jurisdiction must be remanded. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt") (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); United States v. Cotton, 535 U.S. 625, 630 (2002)); Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

The party asserting federal jurisdiction has the burden of proving that subject matter

jurisdiction exists.  See, e.g., Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond,

Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Norfolk

Southern Ry. Co. v. Energy Dev. Corp., 312 F. Supp. 2d 833, 835 (S.D.W.Va. 2004).  Any doubts

about removal must be resolved in favor of remand. Mulcahey v. Columbia Organic Chems. Co.,

29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism

concerns, [courts] must strictly construe removal jurisdiction.  If federal jurisdiction is doubtful, a

remand is necessary")  (citations omitted); Griffin v. Holmes, 843 F. Supp. 81, 84 (E.D.N.C. 1993);

Storr Office Supply v. Radar Business Systems, 832 F. Supp. 154, 156 (E.D.N.C. 1993).

A defendant may remove a case to federal district court only if the court has original

jurisdiction.  28 U.S.C. § 1441; Dixon v. Coburg Dairy, 369 F.3d 811, 816 (4th Cir. 2004).  A case

falls within a district court's diversity jurisdiction only if diversity of citizenship among the parties

is complete and the amount in controversy exceeds $75,000.   28 U.S.C. § 1332(a); Carden v.

Arkoma Associates, 494 U.S. 185, 187 (1990); Strawbridge v. Curtiss, 3 Cranch 267 (1806).

As discussed above, Defendants' assertion of diversity of citizenship is premised on the

specious notion that they are foreign citizens of the Moorish Nation.  The United States does not

recognize the Moorish Nation as a sovereign and Defendants' attempt to claim citizenship under

such sovereignty is frivolous. Wright, 2012 U.S. Dist. LEXIS 74586 at *4-*5;   United States v.

$7,000.00 in United States Currency, 583 F.Supp.2d 725 (M.D.N.C. 2008). See also  El-Bey v.

North Carolina, 2012 WL 368374 (E.D.N.C. 2012) (any claim that party is "not subject to the laws

of North Carolina because of [his] alleged Moorish nationality" is frivolous); El-Bey v. City of

Charlotte, 2011 WL 4757653 (W.D.N.C. 2011) (any claim based on membership in Moorish nation

is frivolous), Report and Recommendation adopted 2011 WL 4755560 (W.D.N.C. 2011), affirmed

F. App'x. , 2012 WL 432889 (4 Cir. 2012); El-Bey v. North Caroina Dept. of Health and Human

Service, 2010 WL 520877 (M.D.N.C. 2010) (any claim which relies on documents or arguments based on Moorish Nation doctrine is frivolous), Report and Recommendation adopted 2010 WL 3283061 (M.D.N.C. 2010).  Accordingly, Defendants have not  met their burden of establishing diversity of citizenship.   Plaintiffs' Motion to Remand should be granted.

It is also well settled in the Fourth Circuit that 28 U.S.C. §§ 1441 and 1446 require all defendants to join in or consent to the notice of removal within thirty days of receiving service of process. Otherwise the case may not be removed.  McKinney v. Board of Trustees of Mayland Community College, 955 F.2d 924, 925 (4th Cir. 1992) (in cases with multiple defendants, each defendant must join petition for removal within thirty days of receiving service of process); Creasy v. Coleman Furniture Corp., 763 F.2d 656, 660 (4th Cir. 1985); Branch v. Coca- Cola Bottling Co. Consl., 83 F.Supp.2d 631, 634 (D.S.C.2000); Freeman v. Bechtel, 936 F.Supp. 320, 325 (M.D.N.C. 1996); Aguiar v. Evans, 607 F. Supp. 1418, 1419 (E.D. Va.  1985).  Failure of one defendant to timely join in the notice of removal is a fatal defect to federal jurisdiction requiring that the case be remanded to state court.  Accord Prize Frize, Inc., v. Matrix, 167 F.3d 1261 (9th Cir. 1999); Cades v. H& R. Block, Inc., 43 F. 3d 869, 873 (4th Cir. 1994); and McKinney, 955 F.2d at 925. Defendant Long-Nickens has not joined in the removal and the time for her doing so has expired. For this additional reason, Plaintiffs' Motion to Remand should be granted.

## ORDER

**IT IS ORDERED** that all further proceedings  in this action, including all discovery, are **STAYED** pending  the  District Judge's  ruling on  this Memorandum and Recommendation and Order.

## RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that

Plaintiffs' "Motion to Remand" (document #4) be **GRANTED**.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED.**

Signed: November 30, 2012

_____

David S. Cayer
United States Magistrate Judge

5