# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:12-CV-00704-FDW-DSC

| | |
|---|---|
| JASON K. PURSER, ET AL., | ) |
| Plaintiffs, | ) |
| vs. | ) |
| TITIA LONG-NICKENS, a/k/a TITIA LONG, a/k/a TLN INTERNATIONAL EXPRESS TRUST, a/k/a TLN EXPRESS TRUST, and TORNELLO F. PIERCE, | ) ORDER ) ) ) ) |
| Defendants. | ) |

**THIS MATTER** is before the Court upon Plaintiffs' Motion to Remand. (Doc. No. 4).[1] Magistrate Judge David S. Cayer issued a Memorandum and Recommendation that this Motion be granted, and an Order that all proceedings in this case, including discovery, be stayed pending disposition of the Memorandum and Recommendation and Order by this Court. (Doc. No. 13).[2] Defendant Tornello F. Pierce ("Defendant Pierce") has filed a "Affidavit to Recusal [sic] Each Judge and Stricken Recommendation from Records," (Doc. No. 14), which seeks to recuse both Judge Cayer and District Judge Frank D. Whitney. Based on its content, this Court also treats the Affidavit as an objection to the Memorandum and Recommendation. For the reasons stated below, the Memorandum and Recommendation is ACCEPTED, with a few variations inconsequential to this Court's ruling. As such, Plaintiffs' Motion to Remand is GRANTED and

---

[1] This Motion was accompanied by a Memorandum in Support of Motion to Remand, (Doc. No. 5), from which the Court has derived much of the history of this case.

[2] Judge Cayer's Memorandum and Recommendation and Order was issued as one combined document. For ease in addressing its two parts, this Court refers to the Memorandum and Recommendation as one item, and the Order as another.

this case is REMANDED to state court. Furthermore, Defendant Pierce's recusal motion is DENIED with respect to both Judge Cayer and Judge Whitney. All other motions in this case are DENIED WITHOUT PREJUDICE AS MOOT and may be re-filed in state court. Accordingly, the Order staying all proceedings in this case is hereby LIFTED. Additionally, Defendant Pierce is ORDERED to pay Plaintiffs the attorney's fees and court costs involved in having to address this lawsuit in this Court.[3] Defendant Pierce is also WARNED not to make additional frivolous filings in this Court, or sanctions and a pre-filing injunction may be issued.

This case began when Plaintiffs Jason K. Purser, Kelly E. Purser, Jeffrey A. Bunda, and Grady I. Ingle (collectively "Plaintiffs") filed suit against Defendant Titia Long-Nickens (a/k/a Titia Long, a/k/a TLN International Express Trust, a/k/a TLN Express Trust) ("Defendant Long-Nickens") and Defendant Pierce for filing Uniform Commercial Code Financing Statements encumbering Plaintiffs' property, including certain real property. These liens were placed by Defendants to secure alleged nine and ten billion dollar debts. Plaintiffs allege these liens were filed fraudulently and maliciously, and brought suit in state court seeking, in part, to quiet title to their property from any claims made by Defendant Pierce and Defendant Long-Nickens stemming from or relating to the Financing Statements, and to have the Financing Statements declared null and void. On October 24, 2012, Defendant Pierce removed the action to this Court. On November 12, 2012, Plaintiffs filed the present Motion. Plaintiffs argue that this case should be remanded on the grounds that this Court lacks diversity jurisdiction because Defendant Pierce is claiming he is a member of a non-existent nation, because Defendant Long-Nickens is a citizen of North Carolina, and because Defendant Pierce did not establish that a sufficient amount in controversy is at issue in this case. Plaintiffs also seek to recover attorney's fees and

---

[3] The calculation procedures for such attorney's fees and court costs will be described later in this Order.

costs.

Evaluating this Court's jurisdiction in this case, the Court first notes that it has no subject matter jurisdiction. While Defendant cites numerous provisions of law as grounds for removal, in his civil cover sheet, he has indicated that removal is based upon diversity jurisdiction because Plaintiffs are citizens of North Carolina and Defendant is a foreign nation.[4] While 28 U.S.C. § 1441(d) permits removal of a state civil action brought against a foreign state, Defendant Pierce is an individual person and not a foreign nation. Nor is he a citizen of a foreign nation. He, Defendant Long-Nickens, and all Plaintiffs all appear to be citizens of North Carolina. As such, there is no diversity of citizenship among the parties, and this Court does not have jurisdiction in this case on diversity grounds. Accordingly, the Court finds that remanding this case on jurisdictional grounds is merited. Although Judge Cayer found that Defendant Long-Nickens had not joined in the removal, this Court need not address this issue. Similarly, this Court does not need to address whether Defendant Pierce has established that a sufficient amount is in controversy to remove this case.

The Court next addresses Defendant Pierce's arguments that Judge Cayer and Judge Whitney should both be recused. Defendant Pierce claims that "it appears from observation that this magistrate judge has no regards for the rule(s) that are in place that governs a magistrate judge, but magistrate judge claims defendant(s) have no regards for rule(s)/laws[remove the thorn from your eyes first]." (Doc. No. 14). Defendant Pierce makes a number of other statements regarding Judge Cayer, many which are difficult to understand, and none of which merit Judge Cayer's recusal. With respect to Judge Whitney, Defendant Pierce claims recusal is

---

[4] In the Memorandum and Recommendation, (Doc. No. 13), Judge Cayer treated Defendant Pierce's attempt at removal on diversity grounds as being based on citizenship in a foreign nation, not on being a foreign nation himself. Regardless, neither claim would succeed in creating diversity jurisdiction.

required "as judge FRANK D WHITNEY . . . has now been prejudice/bias with magistrate judge DAVID S CAYER recommendation/order [sic]."[5] (Doc. No. 14). This argument for recusal is particularly meritless as the entire point of a district judge's review of a magistrate judge's memorandum and recommendation is to determine whether the recommendation is correct. If a memorandum and recommendation is incorrect or otherwise erroneous, it is the district judge's task to make this determination and reject it. Were district judges recused on grounds of bias for having seen a memorandum and recommendation, no district judge would be able to conduct such a review. Furthermore, "alleged bias must derive from an extra-judicial source. It must result in an opinion on the merits on a basis other than that learned by the judge in his participation in the matter." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). "The nature of the judge's bias must be personal and not judicial." *Id.* (citing *Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984)). A magistrate judge's memorandum and recommendation is unquestionably judicial. Accordingly, there is no merit to Defendant Pierce's argument that Judge Whitney should be recused.

The Court now turns to Plaintiff's request for attorney's fees and costs. In *Martin v. Franklin Capital Corp.*, the Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. 132, 141 (2005). In the present case, the Court finds Defendant Pierce's basis for removal to be about as unreasonable as the Court could conceive. Defendant Pierce has claimed that he not a person, but instead a nation that does not exist, and used this fabrication as the basis for removing this case to this Court. In doing so, Defendant Pierce has filed one of the most frivolous items that this Court has ever received. Even if the

---

[5] The "[sic]" appears in Defendant Pierce's Affidavit. (Doc. No. 14). It is unclear what error, if any, that "[sic]" is referring to.

Court treated Defendant Pierce as claiming he were a citizen of a foreign nation, such a claim would be of equal frivolity in this instance. Accordingly, it is clear to the Court that Defendant Pierce's basis for removal is objectively unreasonable and he is hereby ORDERED to pay attorney's fees and costs for all portions of this case that have been before this Court.[6] Plaintiffs shall calculate such attorney's fees and costs and provide them to Defendant Pierce by December 31, 2012, and shall also contemporaneously file a copy of the accounting with this Court.[7] Defendant Pierce must file any objection he has to Plaintiffs' calculation of attorney's fees and costs by January 14, 2013.

Aside from the issues immediately before the Court, the Court also notes that this is not Defendant Pierce's first completely frivolous misuse of the federal court system. Defendant Pierce has brought multiple cases in federal court and, to the best of this Court's knowledge, has yet to prevail in a single case. *See, e.g.*, *Pierce v. Wells Fargo Bank*, 229 F. App'x 240 (4th Cir. 2007) (per curiam) (unpublished); *El-Bey v. City of Greensboro*, 463 F. App'x 197 (4th Cir. 2012) (per curiam) (unpublished); *Pierce El-Bey v. City of Charlotte*, 465 F. App'x 236 (4th Cir. 2012) (per curiam) (unpublished). Accordingly, Defendant Pierce is WARNED that the Court will not tolerate further frivolous filings. Additional frivolous filings may result in sanctions and the issuance of a pre-filing injunction order, a violation of which may include potential jail time

---

[6] The Court notes that Defendant Long-Nickens has made two filings in this case, including a Motion to Dismiss. (Doc. No. 6). However, Plaintiffs have only briefly responded to Defendant Long-Nickens's "Counterclaim Affidavit of Merits." (Doc. No. 7). Furthermore, Plaintiffs' Response to "Affidavit of Truth Counterclaim" Filed by Defendant Titia Long-Nickens, (Doc. No. 11), is nearly completely identical to Plaintiff's Response to "Affidavit of Truth Counterclaim" Filed By Defendant Tornello Pierce. (Doc. No. 10). As such, the expenses incurred by Plaintiffs' one response to a filing of Defendant Long-Nickens were de minimus. This alone is sufficient for the Court to decline to hold Defendant Long-Nickens responsible for attorney's fees and costs. Accordingly, and similarly to this Court's determination of the earlier issue of jurisdiction, the Court need not address whether Defendant Long-Nickens joined in removal for purposes of whether she is to be held responsible for attorney's fees and costs.

[7] Although this case is being remanded to state court, the Court retains jurisdiction regarding payment of attorney's fees and costs.

for contempt of court.

For the above reasons, the Memorandum and Recommendation is hereby ACCEPTED,[8] Defendant's motion to recuse Magistrate Judge Cayer and Judge Whitney is DENIED, Plaintiffs' Motion is GRANTED, and this case is hereby REMANDED to state court. The stay in this case is also hereby LIFTED. All outstanding motions in this case are DENIED WITHOUT PREJUDICE AS MOOT, and may be re-filed in state court. Furthermore, Defendant Pierce is ORDERED to pay all attorney's fees and costs relating to this removal petition under the calculation procedures described previously in this Order. Defendant Pierce is also WARNED not to make any further frivolous and meritless filings in this Court. If Defendant Pierce makes any such further filings, the Court may impose sanctions and issue a pre-filing injunction.

IT IS SO ORDERED.

Signed: December 14, 2012

Frank D. Whitney
United States District Judge

---

[8] As noted in the opening paragraph of this Order, this acceptance is with a few variations inconsequential to this Court's ruling.