UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00704-FDW-DSC

| | |
|---|---|
| JASON K. PURSER, ET AL., )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>TITIA LONG-NICKENS, A/K/A TITIA )<br>LONG, A/K/A TLN INTERNATIONAL )<br>EXPRESS TRUST, A/K/A TLN EXPRESS )<br>TRUST, and TORNELLO F. PIERCE, )<br>)<br>    Defendants. )<br>) | ORDER |

**THIS MATTER** is before the Court upon Defendant Tornello F. Pierce's Writ for Mandamus [and] Writ of Error Quae Coram Nobis Residant ("Writ"). (Doc. No. 18). The Court finds Defendant Pierce's Writ to be completely frivolous and without effect. Given Defendant Pierce's previous frivolous filings with the Court, as previously warned, the Court hereby ISSUES a pre-filing injunction with regard to any future filings by Defendant Pierce against Plaintiffs, or against District Judge Frank D. Whitney, within the scope of this case.

Defendant Pierce originally removed this case from state court by claiming he was a foreign nation in order to obtain diversity jurisdiction. As this Court noted in a previous Order, (Doc. No. 15), this claim was completely frivolous. Finding no jurisdiction, the Court remanded this matter to state court. The Court also ordered that Defendant Pierce pay attorney's fees and costs for the portion of this case that was brought before this Court and retained jurisdiction for purposes of enforcing the Order. Given the frivolous nature of Defendant Pierce's removal, this

Court warned Defendant Pierce not to make further frivolous filings against the Plaintiffs in this case, or sanctions and/or a pre-filing injunction may be issued.

In his Writ, Defendant Pierce speaks as if he is an appellate court reviewing the decision of this Court. He begins the Writ by stating that "THE COURT COMES NOW to review the facts, record, and process resulting in the order dated December 14, 2012 by Judge (Trustee) Frank D Whitney filed on December 17, 2012." (Doc. No. 18). In the Writ, among other statements, Defendant Pierce claims that:

> the court further finds disturbing that Judge Frank D Whitney would actually rule over a recuse of himself as well as magistrate judge David S Cayer, whereby, judge Frank D Whitney has not only shown the appearance of bias/prejudice but has committed fraud against the court and has destroyed the trust bestowed to judicial system by the People.

Furthermore, with respect to this Court's warning that further frivolous filings could lead to contempt findings against Defendant Pierce, Defendant Pierce states that:

> contempt of court consist of Civil contempt or Criminal contempt, whereas civil involves a contract which the court has found no contract involved in the matter between judge Frank D Whitney and Defendant in error. Criminal contempt involves physical harm to a living human being, which the court further finds no evidence of physical harm been done to a living human being, therefore, the court would advise the Defendant(s) in error to file a complaint against judge Frank D Whitney for acts of violation of 18 USC, threats of harm and kidnapping and trespass against court case.

In addition, Defendant Pierce states that "the court finds that Plaintiff(s) have not file the proper documents within this court to practice law and are not authorize to file any documents within this court."

Finally, Defendant Pierce concludes the Writ with the following:

> The court rescinds all order(s) entered December 17, 2012 by judge Frank D Whitney, thereby any damage occurred by the judge(s) action hereinafter each judge will beheld liable. Further, Plaintiff(s) have five (5) days from the filing of this Writ to file the proper documents of Oath of Office within this court or all pleading filed by Plaintiff will be null and void and a Default Judgment will be rendered.

2

Further, judge Frank D Whitney, plaintiff and defendant(s) in error are invited to each file and serve on all other interested parties a brief no later than January 13, 2012 to show cause to this court why this order should not take effect or be modified. The court, mindful of the rights of the parties and the importance of fair play, will liberally construe the arguments presented.

After reviewing Defendant Pierce's Writ, this Court states the truly obvious: Defendant Pierce is not a court and has no authority to act as one, most especially with regard to overturning this Court's rulings. This case was brought before this Court, and Defendant Pierce cannot act as his own court or substitute himself for the United States Court of Appeals for the Fourth Circuit as the next step in the judicial process. As such, nothing written in his Writ has any force or effect. All prior decisions of this Court remain unchanged. Moreover, this case, aside from the issue of attorney's fees and costs for its removal to this Court, has already been remanded to state court, and this Court has no jurisdiction. While Defendant Pierce appears to hint at this issue of attorney's fees and costs in a mention of "excessive penalty," (Doc. No. 18), he otherwise does not appear to address this issue. Accordingly, this filing is very clearly frivolous.

As noted before in this Order, this Court previously warned Defendant Pierce against making additional frivolous filings against the Plaintiffs in this case or sanctions and/or a pre-filing injunction might be issued. Defendant Pierce chose to ignore this warning, and filed this additional frivolous item, which he also directed against Judge Whitney. **Accordingly, the Court now ISSUES a pre-filing injunction against Defendant Pierce. All future filings by Defendant Pierce against the Plaintiffs, or against Judge Whitney, in this case are subject to screening for frivolity by the Court. Any additional frivolous filings will be immediately rejected by the Court and may also result in Defendant Pierce being found in contempt of court and facing sanctions, including potential incarceration.**

3

For the above reasons, Defendant Pierce's Writ is to be considered to be without force or effect. Furthermore, a pre-filing injunction is hereby ISSUED against Defendant Pierce. If Defendant Pierce files additional items against Plaintiffs, or against Judge Whitney, in this case, the Court will screen them for frivolity. Furthermore, if such filings by Defendant Pierce are found to be frivolous, he may be held in contempt of court and risks sanctions, including potential incarceration.

IT IS SO ORDERED.

Signed: January 10, 2013

Frank D. Whitney
United States District Judge