UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00704-FDW-DSC

| | |
|---|---|
| JASON K. PURSER, ET AL., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>TITIA LONG-NICKENS, A/K/A TITIA )<br>LONG, A/K/A TLN INTERNATIONAL )<br>EXPRESS TRUST, A/K/A TLN EXPRESS )<br>TRUST, and TORNELLO F. PIERCE, )<br>)<br>Defendants. )<br>) | ORDER |

**THIS MATTER** is before the Court upon Plaintiff Jason K. Purser's Declaration of Attorney's Fees. (Doc. No. 16). For the below reasons, Defendant Tornello F. Pierce is hereby ORDERED to pay Plaintiff Purser $2,905.50 in attorney's fees. In addition, this Court also considers this award necessary to remedy a willful and malicious injury caused by Defendant Pierce.

This Court previously issued an Order that Defendant Pierce pay attorney's fees and costs for his frivolous and objectively unreasonable removal of this case from state court into this Court. (Doc. No. 15). Plaintiffs in this case were given until December 31, 2012 to submit their attorney's fees and costs to Defendant Pierce with a copy to this Court. Plaintiff Purser, noting that he is the attorney for Plaintiffs in this case, submitted his Declaration on December 28, 2012. In his Declaration, Plaintiff Purser notes that he is undertaking this work as part of his usual employment duties at the law firm of Shaprio & Ingle and is receiving no payment beyond his usual salary. However, he seeks $2,905.50, to become property of the law firm, representing

14.9 hours of work at $195.00 per hour, which he states is the usual minimal rate his law firm charges new clients.  Plaintiff Pursuer does not request any court fees, but does request that this Court find that the payment of attorney's fees and costs was necessary to "remedy a 'willful and malicious injury' caused by defendant Pierce as contemplated by 11 § U.S.C. 523(6)(d)." Defendant Pierce was given until January 14, 2013 to make any objection to the calculation of attorney's fees and costs.  While Defendant Pierce made a brief mention of "excessive penalty" in a frivolous "Writ of Mandamus [and] Writ of Error Quae Coram Nobis Residant," (Doc. No. 18), he has otherwise failed to respond.  **Accordingly, the Court hereby ORDERS Defendant Pierce to pay Plaintiff Purser $2,905.50 in attorney's fees.  Defendant Pierce must pay this amount to Plaintiff Purser by February 5, 2013, or he may be held in contempt of court and risks sanctions including possible jail time.**  Furthermore, it is the opinion of this Court that this award was necessary to remedy a willful and malicious injury caused by Defendant Pierce, namely bringing this case into this Court on frivolous and objectively unreasonable grounds.

For the above reasons, Defendant Pierce is hereby ORDERED to pay Plaintiff Purser $2,905.50 in attorney's fees.  The Court considers this award to be a direct result of a willful and malicious injury by Defendant Pierce.

IT IS SO ORDERED.

Signed: January 22, 2013

_____
Frank D. Whitney
United States District Judge